UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN KOSS,
    Plaintiff,

-vs.-                                          **DEMAND FOR JURY TRIAL**

PENTAGROUP FINANCIAL, LLC,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Pentagroup Financial, LLC which is a Texas based company that maintains registered offices in Montgomery County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Van Buren County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Chase Bank in the amount of $8,884.28.

7. On or about June 9, 2012, Plaintiff received a letter from Defendant.

8. Defendant first started calling client sometime around June 30, 2012.

9. On or about July 3, 2012, Defendant called Plaintiff 12 times. The times and numbers are as follows. Plaintiff's cell phone number is 810-240-1810.

    a. 832-615-2360    9:47a
    b. 832-615-2360    10:40a
    c. 703-291-9051    5:06p
    d. 703-291-9051    6:09p
    e. 832-615-2360    7:12p
    f. 832-615-2360    7:13p
    g. 703-291-9051    7:17p
    h. 703-291-9051    7:19p
    i. 703-291-9051    7:19p
    j. 703-291-9051    7:20p

    k.   832-615-2318    7:23p

    l.   832-615-2318    7:24p

10. On or about July 3, 2012, Plaintiff called Defendant back to see why they were calling her so much. Plaintiff thought that Defendant was calling for someone else, as this has happened to her in the past, so she said to Defendant, "I do not understand why you are calling me."

11. During this conversation, Defendant did not say he was a debt collector. He did not tell Plaintiff what debt he was attempting to collect on. Defendant hung up on Plaintiff when she told them that she did not understand why he was calling her.

12. Plaintiff then called Defendant back again and laughed saying, "I can't believe you just hung up on me. I don't even know why you're calling." In this conversation, Defendant did not identify himself as a debt collector. Defendant just told Plaintiff that he would take the number off the list and then hung up on the phone.

13. On this same day, July 3, 2012, Plaintiff emailed Defendant around 8:37 p.m. asking them to stop contacting her, indicating that she is not the person that they are looking for. She also stated that she noticed that Defendant placed an inquiry on her credit report and she asked Defendant to delete this.

14. On or about July 3, 2012, she found the letter from the Defendant and realized that Defendant was attempting to collect on this alleged debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| July 18, 2012 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |